UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

WALTER J. ALBINO,

                              Plaintiff,

        -against-                                    1:19-CV-1415 (LEK/CFH)

THE CITY OF AMSTERDAM POLICE,
*et al.*,

                              Defendants.

_____

## MEMORANDUM-DECISION AND ORDER

## I.      INTRODUCTION

        Pro se plaintiff Walter J. Albino commenced this civil rights action on November 15,

2019 under 42 U.S.C. § 1983. Dkt. No. 2 ("Complaint"). Plaintiff, who is currently incarcerated

at Elmira Correctional Facility, advances claims of false arrest, malicious prosecution, and due

process violations against the City of Amsterdam Police ("Amsterdam"), County of

Montgomery, Montgomery County District Attorney's Office, and the Montgomery County

Sheriff's Office (collectively, "Montgomery Defendants"). Id.

        Presently before the Court are motions to dismiss from Amsterdam and the Montgomery

Defendants for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt.

Nos. 12 ("Amsterdam's Motion to Dismiss"); 12-4 ("Amsterdam's Memorandum of Law"); 18-1

("Plaintiff's Opposition to Amsterdam's Motion to Dismiss"); 23 ("Amsterdam's Reply"); 21

("Montgomery Defendants' Motion to Dismiss"); 21-1 ("Montgomery Defendants'

Memorandum of Law"); 35 ("Montgomery Defendants' Letter"). Plaintiff did not file an

opposition to Montgomery Defendants' Motion to Dismiss. For the reasons that follow, the Court grants both motions and dismisses the Complaint.

## II.    BACKGROUND

The following facts, alleged in the Complaint, are assumed to be true. See Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 76 (2d Cir. 2015).

On November 25, 2018 at approximately 7:00 p.m., Plaintiff went to the City of Amsterdam Police Department with a witness to file a criminal complaint after being assaulted by a third party. Compl. ¶ 3. The third party had separately arrived at the police station and assaulted Plaintiff for a second time upon entering the police department. Id. Plaintiff requested to file a complaint about both assaults and was told by the police officers that he would be given an opportunity to file his complaints later. Id. ¶ 4. The police officers, however, took the statement of the third party and arrested Plaintiff. Id. ¶ 6. At the time of the arrest, Plaintiff was on parole and was remanded to jail. Id. ¶ 7. On November 29, 2018, the Amsterdam police arrested the third party after they admitted to making false statements in their complaint against Plaintiff. Id. ¶ 8.

Despite knowing that the third party made false statements leading to Plaintiff's arrest, the Montgomery County District Attorney's Office continued to prosecute Plaintiff "in a [m]alicious manner." Id. ¶ 9. On January 22, 2019, during a pretrial conference, the District Attorney's office "retract[ed]" the charge against Plaintiff due to a "conflicting statement." Id. ¶ 10.

On January 24, 2019, the Montgomery County Sheriff's Office arrested and charged Plaintiff with two misdemeanors based on the third party's November statements to Amsterdam police. Id. ¶ 11.

Plaintiff appears to assert the following against Amsterdam: (1) a false arrest claim arising from the incident on November 25, 2018, (2) a claim based on Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), and (3) a due process claim. See generally Compl. Plaintiff appears to assert the following claims against Montgomery Defendants: (1) malicious prosecution arising out of the November 2018 incident and (2) malicious prosecution arising out of the January 2019 arrest. Id.

## III.   LEGAL STANDARD

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Fed. R. Civ. P. 12(b)(6). A court must accept as true the factual allegations contained in a complaint and draw all inferences in favor of a plaintiff. See Allaire Corp. v. Okumus, 433 F.3d 248, 249–50 (2d Cir. 2006). A complaint may be dismissed pursuant to Rule 12(b)(6) only where it appears that there are not "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Plausibility requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct]." Id. at 556. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). "[T]he pleading standard Rule 8 announces does not require 'detailed factual

allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (citing Twombly, 550 U.S. at 555). Where a court is unable to infer more than the mere possibility of the alleged misconduct based on the pleaded facts, the pleader has not demonstrated that she is entitled to relief and the action is subject to dismissal. See id. at 678–79.

Where, as here, a party seeks judgment against a pro se litigant, a court must afford the non-movant special solicitude. See Treistman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006). As the Second Circuit stated,

> [T]here are many cases in which we have said that a pro se litigant is entitled to special solicitude, that a pro se litigant's submissions must be construed liberally, and that such submissions must be read to raise the strongest arguments that they suggest. At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not consistent with the pro se litigant's allegations, or arguments that the submissions themselves do not suggest, that we should not excuse frivolous or vexatious filings by pro se litigants, and that pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law . . . .

Id. (internal citations omitted); see also Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts that when [a] plaintiff proceeds pro se, . . . a court is obligated to construe his pleadings liberally.") (internal citations omitted).

"Where a properly filed motion [to dismiss] is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers . . . shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause be shown." N.D.N.Y. L.R. 7.1(b)(3). Under such circumstances, dismissal is appropriate where the movant's argument

for dismissal is "facially meritorious." See, e.g., Hernandez v. Nash, No. 00-CV-1564, 2003 U.S.

Dist. LEXIS 16258, at *7–8 (N.D.N.Y. Sept. 10, 2003).

## IV.   DISCUSSION

### A.  False Arrest Claim Against Amsterdam

Amsterdam's motion to dismiss Plaintiff's false arrest claim arising out of his arrest in

November 2018 is granted. In analyzing § 1983 claims for false arrest, courts "generally look[] to

the law of the state in which the arrest occurred." Darcy v. McGinley, 843 F.3d 93, 107 (2d Cir.

2016). Under New York law, a plaintiff must establish that the defendant intentionally confined

him without his consent and without justification. Ackerson v. City of White Plains, 702 F.3d 15,

19 (2d Cir. 2012). A claim for false arrest is negated if there was probable cause for the arrest.

Escalera v. Lunn, 361 F.3d 737, 743  (2d Cir. 2004); Micalizzi v. Ciamarra, 206 F. Supp. 2d 564,

575  (S.D.N.Y. 2002) ("A finding of probable cause is a complete defense to federal and state

claims of false arrest."). Probable cause exists when, based on the totality of circumstances, the

officer has "knowledge of, or reasonably trustworthy information as to, facts and circumstances

that are sufficient to warrant a person of reasonable caution in the belief that an offense has been

or is being committed by the person to be arrested." Finigan v. Marshall, 574 F.3d 57, 62 (2d Cir.

2009) (internal citations omitted).

Here, the third party at the police station submitted a criminal complaint against Plaintiff.

Compl. ¶ 5. "It is well-established that a law enforcement official has probable cause to arrest if

he received his information from some person, normally the putative victim or eyewitness."

Martinez v. Simonetti, 202 F.3d 625, 634 (2d Cir. 2000); see also Miloslavsky v. AES Eng'g

Soc'y, 808 F. Supp. 351, 355 (S.D.N.Y. 1992), aff'd, 993 F.2d 1534 (2d Cir. 1993) ("The

veracity of citizen complaints who are the victims of the very crime they report to the police is assumed."). Despite Plaintiff's telling of a different story to the officers than the one told by the third party, there was still probable cause to arrest him. See Curley v. Vill. of Suffern, 268 F.3d 65, 70 (2d Cir. 2001) ("Where a police officer was presented with different stories from an alleged victim and the arrestee," courts have found probable cause). Although the third party filed a complaint against Plaintiff, Plaintiff was also allegedly assaulted within the police station by the third party. Compl. at ¶ 3. This assault by the third party on Plaintiff might have led the police officers to question the veracity of the third party's criminal complaint concerning the first assault. However, no police officers were alleged to have witnessed this assault. Thus, police officers would have only heard two differing accounts of the assaults that transpired between Plaintiff and the third party. Under Curley, the officers thus had probable cause to arrest Plaintiff. See Curley, 268 F.3d at 70.

Because there was probable cause, Plaintiff's false arrest claim is dismissed.

**B.  Malicious Prosecution Claims Against Montgomery Defendants**

Montgomery Defendants' motion to dismiss Plaintiff's malicious prosecution claim arising out of the November 2018 incident is granted. To prevail on a § 1983 claim for malicious prosecution, a plaintiff must establish the elements of a malicious prosecution claim under state law. Cornejo v. Bell, 592 F.3d 121, 129 (2d Cir. 2010) ("And § 1983, in recognizing a malicious prosecution claim when the prosecution depends on a violation of federal rights, adopts the law of the forum state so far as the elements of the claim for malicious prosecution are concerned."). In New York, a plaintiff alleging malicious prosecution must show that (1) there was a judicial

proceeding initiated by a defendant, (2) without probable cause and with malice, (3) ending in the plaintiff's favor. Martinez v. City of Schenectady, 97 N.Y.2d 78 (N.Y. 2001).

With respect to the prosecution of charges arising from the November 2018 incident, Plaintiff does not describe any underlying facts supporting his malicious prosecution claim but rather conclusorily states "Defendant District Attorney[']s Office, instead of dismissing Plaintiff[']s [c]riminal charge[,] continued to prosecute him in a [m]alicious manner." Compl. ¶ 9. Because the Complaint does not contain sufficient factual matter to state a claim for relief, Plaintiff's malicious prosecution claim arising from the November 2018 incident against Montgomery Defendants is dismissed. See e.g., No. 11-CV-1026, 2013 WL 317059, at *4 (N.D.N.Y. Jan. 30, 2013) (dismissing Plaintiff's claims for failure to state a claim) ("Plaintiff's remaining claims amount to nothing more than legal conclusions that dozens of [d]efendants violated his constitutional rights, but those conclusions are unsupported by any facts.")

Plaintiff's malicious prosecution claim based on the January charges is inadequately pled as well. Plaintiff concedes that this prosecution continues to "the present day," and because a malicious prosecution claim must be brought based on a judicial proceeding that terminated in Plaintiff's favor, this claim is not ready for adjudication. See  Martinez, 97 N.Y.2d at 78. Plaintiff also does not allege any malice on the part of Montgomery Defendants. Id. ¶¶ 11–12. Accordingly, Plaintiff's malicious prosecution claim arising out of his January 2019 charges is dismissed.

### C.  Monell Claim

To the extent that Plaintiff asserts a Monell claim, the Court grants Amsterdam's motion with respect to this claim. To plead a § 1983 claim against a municipality, the plaintiff must

allege facts suggesting that the municipality maintained a particular policy or custom that caused a deprivation of constitutional rights. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). A plaintiff may also adequately plead a Monell claim by alleging facts that suggest a failure to train. City of Canton v. Harris, 489 U.S. 378, 389 (1989). Under the latter route, the factual allegations must suggest the municipality was "deliberately indifferent" to the need for training and knew to a "moral certainty" that a failure to train would lead to a constitutional violation. Id. Plaintiff must also allege facts that suggest a link between the policy or custom and the alleged constitutional violation. Id. at 385.

Nowhere in Plaintiff's Complaint does he allege a policy or custom giving rise to a constitutional violation. In Plaintiff's response to Amsterdam's motion to dismiss, he concedes that the Complaint "lacks a technical statement regarding a Monell claim" but that a "recklessly negligent investigation that resulted in Plaintiff's false arrest" that was "effectuated by several [o]fficers" should give rise to a valid claim. Pl.'s Opp'n to Amsterdam's Mot. to Dismiss at 7. This single incident of a negligent investigation does not establish a policy or custom necessary to state a Monell claim. See Corbett v. City of New York, No. 15-CV-9214, 2016 WL 7429447, at *7 (S.D.N.Y. Dec. 22, 2016) (noting in dismissing a Monell claim that the plaintiff "alleges only a single instance of a failure to identify an officer, and he makes no attempt to establish a pattern or practice of such failures"). For this reason, the Court grants Amsterdam's motion to dismiss Plaintiff's Monell claim.

### D.  Due Process Claim

Plaintiff's due process claim, whether substantive or procedural, is also dismissed. To state a procedural due process claim, a plaintiff must allege facts plausibly suggesting that the

government deprived them of a protected life, liberty, or property interest without first providing notice and an opportunity to be heard. B.D. v. DeBuono, 130 F. Supp. 2d 401, 432–33 (S.D.N.Y. 2000). To state a substantive due process claim, a plaintiff must allege facts plausibly suggesting behavior that "is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." County of Sacramento v. Lewis, 523 U.S. 833, 847 (1998).

Plaintiff fails to state any form of due process claim, because he merely asserts a legal conclusion in his Complaint. Plaintiff states simply that his "[d]ue [p]rocess [r]ights as well as other [r]ights promised" by the Constitution have been violated. Compl. ¶ 13. Accordingly, Plaintiff's due process claim is dismissed.

## V.   CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Amsterdam's Motion to Dismiss (Dkt. No. 12) and Montgomery Defendants' Motion to Dismiss (Dkt. No. 21) are **GRANTED in their entirety**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 2) is **DISMISSED;** and it is further

**ORDERED** that the Clerk is directed to close this case; and it is further

**ORDERED**, that the clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:      November 30, 2020
            Albany, New York

Lawrence E. Kahn
U.S. District Judge